UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-22-KKC

UNITED STATES OF AMERICA                           PLAINTIFF

V.                            **PLEA AGREEMENT**

TIFFANY N. BLANTON                            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, which charges a violation of 21 U.S.C. § 841, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Indictment are:

    (a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

    (b) The Defendant had the intent to distribute such substance.

3. The United States could prove the following facts that establish the essential

elements of the Indictment beyond a reasonable doubt, and the Defendant admits these facts:

> On or about August 3, 2024, in Johnson County, in the Eastern District of Kentucky, law enforcement encountered the Defendant, who was in the driver's seat of a vehicle and was sitting on a black backpack. During a search of the vehicle, law enforcement searched the black backpack and located the Defendant's license and a large quantity of methamphetamine. A total of 86.86 grams of actual methamphetamine was located in the vehicle and seized by law enforcement. The Defendant possessed this methamphetamine and intended to distribute it.

4. The statutory punishment for the Indictment is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of at least 3 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 50 grams but less than 150 grams of methamphetamine (actual), which corresponds to a base offense level of 30.

    (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at

sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to and acknowledges the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property seized during the investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between it and the offense to which he is pleading guilty. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the property identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. The

Defendant understands and agrees that the forfeiture of the seized property has been completed administratively, that the seized property will not be pursued judicially as part of this action, and that he can assert no further right, title, or interest in the property. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 4/7/25   By: _____
Andrew H. Trimble
Assistant United States Attorney

Date: 3-7-25   _____
Tiffany N. Blanton
Defendant

Date: 3-7-25   _____
Andy Markelonis
Attorney for Defendant

4