UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CRIMINAL ACTION NO. 7:24-CR-022-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

TIFFANY N. BLANTON                                          DEFENDANT

## SENTENCING MEMORANDUM

Comes now the Defendant, TIFFANY N. BLANTON, by counsel, and hereby submits the following Sentencing Memorandum for the Court's consideration prior to Final Sentencing in the above-styled action.

Tiffany Blanton is a 34-year-old married mother of three (3) children, aged 6, 8, and 10, respectively. She has lived virtually her entire life in the Johnson County, Kentucky area and was living in Oil Springs, Kentucky at the time of her arrest herein with her husband and children. She is a 2010 graduate of Johnson Central High School and has attended both Big Sandy Community and Technical College as well as the Galen School of Nursing. Tiffany has a certificate as a Certified Nursing Assistant (CNA), and has also been licensed as a phlebotomist.

Tiffany has accepted responsibility for her conduct in this case and has entered a guilty plea to the one Count contained in the Indictment, namely Possession with Intent to Distribute a Methamphetamine Mixture.

Counsel would like to simply ask the Court to give its attention to several Sec. 3553 sentencing factors which Ms. Blanton and counsel believe will better inform the Court's decision in this case.

Counsel and Ms. Blanton would ask the Court to consider the fact that she has been designated a "Zero-Point Offender" in Paragraphs 26-27 of the Presentence Report (PSR). Tiffany's only previous violations of the law prior to this case are two Speeding citations. She has, of course, already received the benefit of a 2-point reduction in her sentencing calculation (Paragraph 18 of the PSR); however, counsel believes that such status is worthy of some further consideration, given its infrequency in most federal court sentencing situations. In short, Tiffany has led a crime-free life prior to the case before the Court herein.

Tiffany has, however, been involved in long-term misuse of controlled substances, as she admitted during the course of her PSR interview with the U.S. Probation officer. The list of substances misused by Ms. Blanton are considerable, and have included methamphetamine and opiates (Paragraph 39 of the PSR). Tiffany also admits to long-term alcoholism, having misused alcohol for almost 20 years, i.e., age 15 until her arrest herein. Counsel would be remiss if he did not urge the Court to include in its judgment a condition that Ms. Blanton be required to enroll in, and complete, the Bureau of Prisons' Residential Drug Abuse Program (RDAP). Tiffany has also advised the officer from U.S. Probation that she was amenable to treatment and believed that she could benefit from long-term substance abuse treatment while serving her sentence.

Counsel also would request that the Court consider Tiffany's long-term mental illness diagnoses—diagnoses which have resulted in her being prescribed several medications regularly associated with psychological and/or psychiatric illnesses. As reported in Paragraphs 36-37 of the PSR, Tiffany has been prescribed medications which include Buspar (used to treat anxiety

disorders), Lexapro (commonly prescribed to treat Major Depressive Disorder and/or Anxiety), Abilify (often used to treat Schizophrenia and/or Bipolar I Disorder), and Klonopin . As noted in the PSR at Paragraph 37, Tiffany was involved a traffic accident that resulted in the death of her boyfriend at the time; in addition, she also discovered her father-in-law's body after he committed suicide a short time after leaving her residence. As a result, health care providers have diagnosed Tiffany with post-traumatic stress disorder (PTSD), anxiety, and depression resulting in the prescriptions mentioned above. Again, counsel urges the Court to include in its judgment that Ms. Blanton receive ongoing mental health treatment while serving her sentence in the custody of the Bureau of Prisons.

Additionally, counsel would ask the Court to consider Tiffany's physical health conditions which may have contributed to her seeking out drugs to "self-medicate," and, ultimately, lead her to this Court as a Defendant. In Paragraph 36 of the PSR, Tiffany reported to the U.S. Probation officer that, in the aforementioned car wreck which killed her boyfriend, she was also severely injured, including neck and back injuries which plague her to the present day.

Counsel believes that, given the above factors, especially Ms. Blanton's lack of a prior criminal history, a sentencing variance slightly below the 57 to 71 month guideline is warranted in Tiffany's case. A sentence of approximately 48 months, would accomplish all of the *Booker* sentencing objectives, without being unduly harsh or resulting in a disproportionate sentence for Ms. Blanton. In addition, it would also allow time within which Ms. Blanton could complete the much-needed substance abuse and mental health treatment, which she certainly requires before being returned to public life on supervised release. As a result, counsel and Ms. Blanton ask the

Court to impose a sentence of approximately 48 months in custody, and require Ms. Blanton to

complete the Bureau of Prisons' RDAP program, as well as ongoing mental health treatment.


/s/Andy Markelonis_____
ANDY MARKELONIS
P.O. Box 464, 2708 Louisa Street
Catlettsburg, Kentucky  41129
(606) 739-8616; (606) 615-6711
Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the following via the CM/ECF filing system on this the 24th day of July, 2025.


/s/Andy Markelonis_____
ANDY MARKELONIS